UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
JOANN EGAN,                       :   CIVIL ACTION
Administratrix of the             :   No. 06-1061
Estate of Kathleen Marone,        :
Deceased,                         :
                                  :
        Plaintiff,                :
                                  :
            v.                    :
                                  :
WACHOVIA BANK, N.A.,              :
et al.,                           :
                                  :
        Defendants.               :
```

**O R D E R**

AND NOW, this **28th** day of **June 2006**, after consideration of Defendants McCabe Weisberg & Conway, P.C., Terrance McCabe, Margaret Gairo, Edward D. Conway, and Bonnie Dahl's[1] Motion to Partially Dismiss Plaintiff's Complaint (doc. no. 18), and Defendant Wachovia Bank, N.A.'s Motion to Dismiss (doc. no. 25), and after a hearing at which counsel for all parties participated, it is hereby **ORDERED** that the McCabe defendants' Motion to Dismiss (doc. no. 18) is **GRANTED in part**, and **DENIED in part**, as follows:

1. The McCabe defendants' motion to dismiss is **GRANTED** as to Count VI: Violation of Pennsylvania

---

[1] Hereinafter, the "McCabe defendants."

       Rule of Civil Procedure 1023.1;[2]

2. The McCabe defendants' motion to dismiss is **GRANTED** as to Count XIII: Negligence;[3]

3. The McCabe defendants' motion to dismiss is **GRANTED** as to Count VIII: Violation of the Homeowners Emergency Mortgage Assistance Program ("Act 91");[4] and

4. The McCabe defendants' motion to dismiss is **DENIED** as to Counts II, III, IV, V, VII, VIII: Violation of the Pennsylvania Loan Interest and Protection Law ("Act 6"), IX, XII, and XIV.[5]

---

[2] This Court is not the proper forum in which to bring an action for sanctions pursuant to Pennsylvania Rule of Civil Procedure 1023.1. See Pa. R. Civ. P. 1023.1 cmt. II.

[3] There is a privity requirement to maintain a suit against an attorney under Pennsylvania law. Guy v. Liederbach, 501 Pa. 47, 58, 459 A.2d 744, 750 (Pa. 1983). Plaintiff has not shown either an attorney-client relationship or "a specific undertaking by the attorney furnishing professional services," Id., in regards to the McCabe defendants.

[4] Act 91 does not contain a provision for an individual allegedly harmed by the Act's violation to bring an action for damages. 35 P.S. § 1680.101, et seq.

[5] The McCabe defendants move to dismiss, in whole or in part, Counts II: Violation of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), III: Common Law Fraud, and IV: Violation of the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA") on the following grounds: (1) certain of plaintiff's allegations fall outside of the relevant statutes of limitations; (2) certain of plaintiff's allegations are barred by the absolute judicial privilege; and (3) plaintiff fails to state a claim under Counts II, III, and IV.

Although courts differ on whether the statute of limitations

**It is FURTHER ORDERED that** Wachovia's Motion to Dismiss

---

applicable to the UTPCPL and the FCEUA is two or six years, plaintiff has alleged conduct in the complaint that occurred subsequently to March 10, 2004, two years prior to the filing of the complaint.  The Court will not here attempt to parse plaintiff's specific allegations, but will allow discovery to proceed on these claims.  Regarding common law fraud, the facts have not yet been established at this stage of litigation whether the "discovery rule" exception to the limitations period for fraud claims applies.  See Wise v. Mortgage Lenders Network USA, Inc., 420 F. Supp.2d 389, 395 (E.D.Pa. 2006).

Plaintiff has alleged sufficient facts in the complaint to support a common law fraud claim, as well as claims under the UTPCPL and the FCEUA.  Regarding the absolute judicial privilege, the particular circumstances of the case are not yet clear enough to determine whether the allegedly improper communications were issued in the regular course of judicial proceedings and were pertinent and material to the relief sought in such proceedings.  See Bochetto v. Gibson, 580 Pa. 245, 251, 860 A.2d 67, 71 (Pa. 2004).

The McCabe defendants move to dismiss Count V: Violation of Due Process, Section 1983.  It has not yet been established whether the nature of the notice provided by defendants was adequate under the specific circumstances present here to satisfy the requirements of due process.  See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314-15 (1950).

Regarding Count VII: Violation of the Fair Debt Collections Practices Act ("FDPCA"), plaintiff alleged conduct that took place within the applicable statute of limitations.  Whether the McCabe defendants fall under the definition of "debt collectors" contained within the statute depends upon the yet to be developed facts of this case.  15 U.S.C.A. § 1692a(6)(D); Flamm v. Sarner & Assoc., P.C., et al., 2002 WL 31618443, at *5 (E.D.Pa. 2002); Wilson v. Draper & Goldberg, 443 F.3d 373, 379 (4th Cir. 2006).

The Court will allow Count VIII to proceed as far as it alleges a violation of the Pennsylvania Loan Interest and Protection Law ("Act 6"), as Act 6 contains a provision allowing individuals to bring an action for damages.  41 P.S. §§ 502, 504.

Whether a claim for the intentional infliction of emotional distress (Count IX) can stand depends on the particular circumstances of the case.  The Court will allow discovery under this claim to proceed.  Neither Counts XII: Defamation nor XIV: Invasion of Privacy/False Light will be dismissed based on absolute judicial privilege, because the factual background of the case is not yet clear enough to determine whether the privilege applies.

(doc. no. 25) is **GRANTED in part**, and **DENIED in part**, as follows:

    1.   Wachovia's motion to dismiss is **GRANTED in part** as to Count VIII: Violation of the Homeowners Emergency Mortgage Assistance Program ("Act 91");[6] and

    2.   Wachovia's motion to dismiss is **DENIED** as to Counts II, III, IV, V, VII, VIII: Violation of the Pennsylvania Loan Interest and Protection Law ("Act 6"), IX, XII, XIII, and XIV.[7]

---

[6] See Note 4.

[7] Regarding Counts II, III, IV, VIII, IX, and the ground of absolute judicial privilege in regards to Counts XII, XIII, and XIV, see Note 5.
    Wachovia moves to dismiss Count V: Violation of Due Process, Section 1983 on the grounds that Wachovia is not a state actor, and that plaintiff was not denied due process because she did not avail herself of available procedures. First, Wachovia is a state actor for the purpose of a Section 1983 claim. The Court finds <u>Jordan v. Fox, Rothschild, O'Brien & Frankel</u>, 20 F.3d 1250 (3d Cir. 1994), to control under the present circumstances, not <u>Shipley v. First Federal Savings and Loan Ass'n</u>, 703 F. Supp. 1122, 1128 (D. Del. 1988), <u>aff'd</u>, 877 F.2d 57 (3d Cir. 1989). Second, it is not yet clear whether plaintiff took advantage of available procedures, and whether the nature of the notice provided by defendants was adequate to satisfy the requirements of due process.
    Whether Wachovia fits the definition of a debt collector under the Fair Debt Collections Practices Act (Count VII) will depend upon circumstances that have yet to be developed at this stage of litigation. An assignee of an obligation can be a debt collector under the FDCPA if the obligation is in default when it is assigned. <u>See</u> <u>Pollice v. National Tax Funding, L.P.</u>, 225 F.3d 379, 403 (3d Cir. 2000).
    Wachovia moves to dismiss Counts XII: Defamation, XIII: Negligence, and XIV: Invasion of Privacy/False Light on the ground that plaintiff's claims are preempted by the Fair Credit Reporting Act ("FCRA"). However, the statute's preemption

**It is FURTHER ORDERED that** Plaintiff's oral motion for leave to amend the complaint is **GRANTED**.

**It is FURTHER ORDERED that** the McCabe Defendants' Motion for Leave to File Reply Brief (doc. no. 29) is **GRANTED**.

**AND IT IS SO ORDERED.**

                             S/Eduardo C. Robreno

                             **EDUARDO C. ROBRENO, J.**

---

provision exempts claims that allege that false information was furnished with malice or the willful intent to injure.  15 U.S.C. § 1681h(e).  Plaintiff has moved for leave to amend the complaint to allege malice or willful intent to injure, which the Court will grant.  These claims will therefore be permitted to proceed against Wachovia.